**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:20-CV-81887-RS

SARAH JILL CORBIN, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

HARD TACK, INC., a Florida corporation,
DEALER RENEWAL SERVICES, a Florida
company, and ROYAL ADMINISTRATION
SERVICES, INC., a Florida corporation,

    Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT ROYAL ADMINISTRATION SERVICES, INC. TO RESPOND TO PLAINTIFF'S INTEROGATORRIES AND REQUEST FOR PRODUCTION

Plaintiff, SARAH JILL CORBIN ("hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 37, Fed. R. Civ. P. 37(a) and Local Rules 7.1 and 26.1(g)(2), hereby files this Motion to Compel Defendant ROYAL ADMINISTRATION SERVICES, INC., TO Respond to Plaintiff's First Request for Production and Interrogatories and states as follows:

1. This is an action for alleged TCPA violations committed by Defendant, ROYAL ADMINISTRATION SERVICES, INC. ("Royal"), and through its contracted vendor, Defendant, Hard Tack, Inc.

2. Plaintiff served her initial written discovery on Royal on December 28, 2020.

3. Plaintiff's Interrogatories and Request for Production, and Royal's objections and responses to same, are attached hereto as Exhibit A and B, respectively.

4. Royal's deficient discovery is particularly frustrating given that its responses were

originally due on January 27, 2021. Plaintiff extended multiple extensions to Royal without involving the Court based on its representations and assurances to Plaintiff's counsel that the extensions were needed because counsel was "working with [Royal] to gather responsive information/documents."

5. Plaintiff's position is that: 1) Royal, through its vendor agreement, expressly appointed Hard Tack for the purpose of promoting, marketing, and selling Royal's programs and related Contracts; 2) Plaintiff was called by Hard Tack for the purpose of selling Plaintiff a Royal VSC, and was in fact sold a Royal VSC (which Plaintiff later rescinded); and 3) Royal has acquired other customers/contracts through Hard Tack's telemarketing calls.

6. Other than its written vendor agreement and marketing guidelines with Hard Tack, Royal did not produce a single document, e-mail, communication, or any other ESI. Royal did not provide any substantive responses. Royal's discovery responses are wholly deficient. Royal responses lodge perfunctory objections to Plaintiff's basic and routine discovery requests, did not advance the litigation whatsoever, did not narrow the disputed issues in this case, and were not productive in fostering resolution or settlement discussions.

7. Royal is obligated to produce not only those documents in its possession and custody, but also those documents that it controls. Royal controls documents, such as call records and invoices in connection with call records, which are created and maintained by its vendors, like Hard Tack. All of the data requested by Plaintiff is available to Royal and likely has already been provided to Royal throughout the course of regular business. Yet, Royal has not produced anything, even in summary fashion.

8. Notwithstanding Royal's absolute contractual right to request and obtain all of the discovery sought from Hard Tack, Royal contends in this litigation that it does not have the ability

to obtain discoverable documents from Hard Tack. Because Royal contends that it cannot obtain data from Hard Tack, Plaintiff contends that, at a minimum, Royal must provide data concerning the number of contracts acquired by Royal through Hard Tack. That data is proportionate and relevant to class certification, even if it does not include all members of the proposed class alleged by Mrs. Corbin. Plaintiff is not seeking the identity of class members at this time.

9. Given Royal's contention that it does not have the ability to obtain documents from Hard Tack, the three main categories of documents at issue that are in Royal's possession, but there were not produced, are as follows:[1]

a. **Hard Tack records**

1. **Agreements, Contracts, e-mails/communications** between Royal and Hard Tack relating to Hard Tack's provision of marketing services and placing outbound marketing calls or lead generation for Royal. No other communications were produced, including any copies of all demands and notices sent to Hard Tack regarding Mrs. Corbin's claims and the discovery sought by Plaintiff. This falls within the scope of Plaintiff's discovery requests but nothing has been provided.

2. **Invoices** from Hard Tack reflecting calls made to class members. This includes providing the total number of consumer transactions between Hard Track and any potential contract holder, or consumer who purchased a Royal contract through Hard Tack's marketing efforts.

3. **Records of payments** made by Royal to Hard Tack for outgoing calls placed.

b. **Royal CRM Reports** showing call activity to class members, any evidence of consent, and call notes. This includes providing the total number of consumer transactions

---

[1]. These categories fall into a number of Plaintiff's requests, including request for production document requests: 10, 17, 18, 19, 20, 22, 23, 25, 26, 40, 41, 43, 44, 48, 50, 51, 52, 55, 56, 57, 58, 59, and 61.

Interrogatories 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17 are likewise insufficient or unresponsive. Royal fails to respond to these interrogatories based on its legal conclusion that it did not place the calls since it employed Hard Tack to make sales calls. However, Plaintiff alleges that Royal is responsible for these calls under agency and ratification principles.

between Hard Track and any potential contract holder, or consumer who purchased a Royal contract through Hard Tack's marketing efforts.

c. **Complaints** received by Royal and Hard Tack from consumers about unwanted telemarketing calls (relevant to knowledge, willfulness, control – issue of agency and ratification). Royal failed to disclose or produce any documents or information regarding prior complaints or lawsuits. Yet, Royal was sued in at least one other prior lawsuit filed against Royal and Hard Tack (*Shanahan v. Hard Tack, Inc., et al.*, 8:19-cv-00441 (D. Neb. 2019) involving TCPA violations. Plaintiff Shanahan's lawsuit was filed three months prior to Mrs. Corbin receiving her first call from Hard Tack on Royal's behalf.

10. As a result of the parties' various and on-going conferrals, Plaintiff has agreed to limit her requests to only relate to Hard Tack, and no other marketers that Royal may have hired. Plaintiff's initial discovery conferral is attached hereto as Exhibit C.

11. This discovery is vital and goes to the heart of this litigation. Royal's objections should be overruled and Royal should be ordered to fully respond to Plaintiff's discovery requests.

12. **Conferral Certification:** Prior to filing this motion the undersigned counsel conferred with Defendant via email and telephonically multiple times in a good faith effort to obtain the discovery without court action and has been unsuccessful. Defendant has not agreed to produce any of the discovery sought.

WHEREFORE, Plaintiff respectfully seeks an order compelling Royal to fully respond to Plaintiff's written discovery, and any objections should be overruled.

Dated: March 30, 2021                                         Respectfully submitted,

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar No.: 0083397
**EGGNATZ | PASCUCCI**
7450 Griffin Rd, Ste. 230

Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
Mpascucci@JusticeEarned.com

Jordan Richards, Esq.
Fla. Bar No.: 108372
**JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
Jordan@jordanrichardspllc.com

*Attorneys for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via CM/ECF this 30th day of March 2021, to the following on the service list below:

## SERVICE LIST

Neil D. Kodsi, Esq.
Email: neil.kodsi@jacksonlewis.com
Leslie Lagomasino Baum, Esq.
E-mail: leslie.baum@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant Royal Administrative Services, Inc.*

Hard Tack, Inc.
c/o Registered Agent, Registered Agents, Inc.
7901 4th Street North, Suite 300,
St. Petersburg, Florida 33702
*By U.S. Mail*